94 A.3d 878

MARYANN COTTRELL, PLAINTIFF–RESPONDENT, v. ZAGAMI, LLC, D/B/A THE LANDMARK AMERICANA TAP AND GRILL, D/B/A LANDMARK LIQUORS, D/B/A THE SPOT, DEFENDANT–APPELLANT.

Argued January 21, 2014—Decided May 21, 2014.

See also 2014 WL 3375642.

*Sean X. Kelly* argued the cause for appellant (*Marks, O'Neill, O'Brien, Doherty & Kelly,* attorneys; *Mr. Kelly* and *Melissa J. Kanbayashi,* on the briefs).

*Maryann Cottrell* argued the cause pro se.

PER CURIAM.

This appeal was heard as a companion to *Perez v. Zagami, LLC,* 218 *N.J.* 202, 94 *A.*3d 869, 2014 *WL* 3375642 (2014), also decided today, in which we addressed whether the New Jersey Civil Rights Act (CRA), *N.J.S.A.* 10:6–1 to –2, authorizes a private right of action against a person not acting under color of law. The background to this appeal is intertwined with that of *Perez.*

Therefore, we include a brief summary of this related appeal's facts and procedural history.

Respondent, Maryann Cottrell, a resident and active community member of the Borough of Glassboro, was sued for defamation by Zagami, LLC, for statements she made during the June 26, 2006, hearing on Zagami's liquor license renewal. Zagami's defamation action eventually was dismissed by the Appellate Division on the grounds that the license renewal hearing was a "quasi-judicial" proceeding and that Cottrell's remarks were entitled to absolute immunity. *Zagami, LLC v. Cottrell*, 403 *N.J.Super.* 98, 104–06, 957 *A.2d* 691 (App.Div.2008), *certif. denied*, 198 *N.J.* 309, 966 *A.2d* 1075 (2009).

Following the dismissal of Zagami's defamation claim, Cottrell filed an action against Zagami for malicious use of process.[1] Cottrell asserted that Zagami's defamation suit was a Strategic Lawsuit Against Public Participation (SLAPP), or a SLAPP suit, designed to punish her for speaking out against Zagami at the liquor license renewal hearing and to stifle her participation in future proceedings. Cottrell's complaint also included a claim that Zagami's actions had deprived her of a constitutional right in violation of the CRA. Zagami filed a motion to dismiss the complaint, and Cottrell filed a cross-motion to add as a defendant the law firm that had represented Zagami in the defamation suit.

As in the *Perez* matter, the trial court granted Zagami's motion to dismiss and denied Cottrell's motion to amend her complaint. The court determined that Zagami's defamation claim was supported by probable cause and, therefore, Cottrell had no cognizable claim for malicious use of process. Further, the trial court found that the CRA, like 42 *U.S.C.A.* § 1983, only authorizes private actions against persons acting under color of law. As a result, the trial court concluded that Cottrell's CRA claim against Zagami failed for lack of state action.

---

[1] Cottrell's malicious use of process action was filed on February 22, 2011, seven months after Luis Perez had instituted an identical complaint against Zagami. *See Perez, supra*, 218 *N.J.* at 205–06, 94 *A.3d* 869.

The Appellate Division reversed both determinations on appeal. The panel found that Zagami's defamation claim was not supported by probable cause and, consequently, that the trial court erred in dismissing Cottrell's malicious use of process claim. The panel also reversed the trial court's dismissal of Cottrell's CRA claim. Under the panel's construction of the CRA, the "under color of law" language of *N.J.S.A.* 10:6–2(c) applies to private actions alleging an interference with protected rights but does not apply to private actions alleging a deprivation of protected rights.

We granted certification in this matter on the same limited issue on which we granted in *Perez,* namely, whether the New Jersey Civil Rights Act permits a private right of action against an individual who is not acting under color of law. 215 *N.J.* 483, 73 *A.*3d 509 (2013). For the reasons fully expressed in *Perez, supra,* 218 *N.J.* at 216–17, 94 *A.*3d 869, we have construed the "under color of law" language contained in *N.J.S.A.* 10:6–2(c) to modify all private actions brought under the CRA. We therefore reverse in part the judgment of the Appellate Division in this matter. We add only the following.

Our conclusion with regard to when a private action may be pursued under the CRA does not leave Cottrell remediless from impermissible efforts to chill her right to speak out on a public interest topic at a quasi-judicial municipal hearing. As the appellate proceedings in this matter confirmed, Cottrell's speech is entitled to the immunity that comes from the litigation privilege. *Zagami, supra,* 403 *N.J.Super.* at 112, 957 *A.*2d 691. In other words, Cottrell's criticism of Zagami at the license renewal hearing is protected speech.

The Appellate Division judgment restored Cottrell's malicious use of process claim against Zagami.[2] *Ibid.* Accordingly, she has

---

[2] We note, as did the Appellate Division, that, unlike Perez, Cottrell did not appeal the trial court's denial of her cross-motion to amend her complaint to add as a defendant the law firm retained by Zagami during the defamation suit.

a remedy; she can pursue her malicious use of process cause of action on remand. Moreover, we note that, in light of the absolute nature of the litigation privilege immunity, other remedies designed to deter frivolous litigation may be available in the future to persons like Cottrell whose civic nature prompts them to speak out on the public interest topics addressed in the quasi-judicial setting of a municipal liquor license renewal hearing.

The judgment of the Appellate Division is reversed in part and the matter is remanded.

*For reversal in part and remandment*—Chief Justice RABNER and Justices LaVECCHIA, ALBIN, PATTERSON, and Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned)—6.

*Opposed*—None.